UNITED STATES DISTRICT COURT DISTRICT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAKESHIA SCOTT-TAYLOR, | |
| v. | Case No.: |
| DOVE POINTE, INC, DOVE POINTE RESIDENTIAL SERVICES, INC., & DOVE POINTE FOUNDATION, INC. | |
| Defendants. | |

FILED U.S. DISTRICT COURT DISTRICT OF MARYLAND

2019 NOV -6 A 11: 32

CLERK'S OFFICE AT GREENBELT

BY ___ DEPUTY

JKB 19 CV 3208

## COMPLAINT AND JURY DEMAND

### I. JURISDICTION AND VENUE

1. This is a suit brought pursuant to the Americans with Disabilities Act, as Amended ("ADAAA"), 42 U.S.C. §12101 *et seq.*, and the Maryland Fair Employment Practices Act ("FEPA"), MD State Govt. Code Sec. 20-601 *et seq.*

2. Jurisdiction of the Court is invoked pursuant to 42 U.S.C.§§1331 and §1343. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims arise out of the same set of facts as the federal claim and are so related to the federal claim that they form part of the same case or controversy under Article III of the U.S. Constitution.

3. Venue in this district is appropriate pursuant to 28 U.S.C. §1391(b) because the cause of action arose in this district.

4. On or about September 5, 2017, the Plaintiff filed a joint charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC")and the Maryland Commission on Civil Rights. On or about June 5, 2019, the EEOC issued a Finding of Reasonable Cause to believe that the Defendant committed discriminatory acts as alleged by the

1

Plaintiff. Specifically, the EEOC found that Defendant "failed to engage in the interactive proves with the Charging party, thereby failing to provide reasonable accommodations . . . in violation of the ADA. Exhibit A-US EEOC Determination. On or about August 12, 2019, the EEOC issued a Right to Sue Letter which Plaintiff received on August 17, 2019. Consequently, the Plaintiff has satisfied all of the administrative prerequisites for the bringing of this lawsuit.

## II. PARTIES

5    The Plaintiff, Lakeshia Scott-Taylor ("Plaintiff"), is a United States citizen residing in Salisbury, Maryland. At all times relevant to this complaint, Plaintiff was an employee of the Defendants, Dove Pointe, Inc., Dove Pointe Residential, Inc. and Dove Pointe Foundation, Inc. (Defendants) within the meaning of the ADAAA and the FEPA.

6.    On information and belief Defendants are Maryland corporations in the State of Maryland which all have as their principal place of business 1225 Mt. Hermon Road, Salisbury, Maryland 21804.

7.    At all times relevant, the Plaintiff was a qualified individual with a disability within the meaning of ADAAA and FEPA who had a physical impairment that limited her major life activities, including walking, standing, lifting and running.

## III. FACTS

8.    The Plaintiff was employed by the Defendant from on or about September 2016 until her termination on or about March 9, 2017. At the time of her termination by the Defendants, Plaintiff worked as an Instructor assisting disabled children and adults.

2

9. Specifically, the essential functions of Plaintiff's job included assisting individuals with disabilities in the day program with activities, such as making crafts, coloring, drawing and writing.

10. Defendants are in the business of providing residential treatment and day program services for individuals with physical and mental disabilities.

11. As an Instructor, Plaintiff was responsible for supervising disabled individual in performing a variety of tasks designed to enhance their personal growth and development. and delivery services for the Defendants' customers. To this end, she was responsible for providing supervision, work activity and recreational/leisure time programming to an assigned group of developmentally disabled persons.

12. During all times she worked for Defendant, Plaintiff carried out her responsibilities with loyalty and dedication and there were no complaints about her attendance on work performance.

13. On or about January 2, 2017, Plaintiff suffered injury to her leg at work, while helping a student use the restroom facilities. As a result of her injury, Plaintiff submitted a workers' compensation claim to Defendants with medical evidence describing injury to her leg and

14. Defendants were fully aware of Plaintiff's injury because she disclosed her condition to them and explained that it prevented her from running and lifting. In fact, Trisha Esh, who was aware of her disability, transferred Plaintiff to a full-time position in Job Seekers working one on one with a developmentally disabled client.

15. However, in Job Seekers, Plaintiff suffered a torn Anterior Cruciate Ligament and Meniscus Tear in her knee while breaking up a fight involving a female client.

16. As a result of the second injury, Plaintiff's walking, standing and lifting became even more impaired.

17. On February 23, 2017, Plaintiff advised Trisha Smith of her need for an accommodation due to her inability to lift residents, run or walk long distances. In response, Ms. Smith asked Plaintiff to provide additional medical documentation to support her disability and sent Plaintiff home.

18. On information and belief, Defendants were fully aware of the Plaintiff's disability and physical impairments as a result of her disclosures and medical information previously provided by her physician for her workers' compensation claim.

19. Nonetheless, Plaintiff informed Ms. Smith that she would bring a note from her physician following her scheduled medical appointment on March 16, 2017. In the meantime, Plaintiff asked Ms. Smith to accommodate her disability and allow her to return to work in a position that did not require extensive walking, standing or lifting.

20. However, Ms. Smith denied Plaintiff's request for a reasonable accommodation t.

21. Instead, Ms. Smith called Plaintiff on March 9, 2017 (7 days before her doctor's appointment), stated she would not accommodate Plaintiff's disability and terminated Plaintiff's employment. Following that conversation, Defendants did not contact the Plaintiff to further discuss her accommodation request or explore other options to allow Plaintiff to keep her job.

22. Prior to discharging Plaintiff, Ms. Smith did not give Plaintiff time to obtain medical documentation from her physician or engage in the interactive process with her.

23. Had Ms. Smith engaged in the interactive process with Plaintiff, she would have allowed Plaintiff to work in several available jobs that did not require her to walk or lift, including, in the office or passing out trays in the cafeteria. Plaintiff also could have continued

working in Job Seekers if Defendants provide an assistant on an as needed basis on the rare occasion that she would be asked to lift a client.

24. At no point from the time Plaintiff raised her accommodation request with the Defendants on February 23, 2017, until she was terminated ten days later, did anyone at her job have any conversations with the Plaintiff regarding the specifics of her request for an accommodation. At no point from the time she raised her accommodation request with the Defendant on February 23, 2017, until she was terminated ten days later, did the Defendants have any conversations with the Plaintiff about alternatives to her request to the accommodation, such as the use of adaptive lifting equipment, or the placement in a position that required less walking and lifting.

25. After her discharge, Plaintiff went to her scheduled doctor's appointment in March 16, 2017. Her doctored confirmed what was written in the physical therapy that Plaintiff gave to Trisha Smith stating that she a torn Anterior Cruciate Ligament and a Meniscus tear on the job. On information and belief, Defendant did not contact the Plaintiff's doctor to discuss ways to accommodate her restriction due to her disability.

26. After Plaintiff was discharged, she diligently looked for work in Maryland but was unable to locate a position. She then moved to North Carolina in or around May 2017 and began working in North Carolina in or around February 2018.

### COUNT ONE — Disability Discrimination (ADAAA)

27. Plaintiff hereby repeats, realleges and incorporates paragraphs 1-26 above.

28. Plaintiff was and is a qualified individual with a disability who could have performed the essential functions of her job as an Instructor with or without a reasonable

5

accommodation. Additionally, Defendants could have accommodated her disability without any undue burden by placing her in open and available positions or providing assistance for her to lift residents as needed.

29. Defendants' decision to terminate the Plaintiff's employment was motivated in whole, or in part, because of her disability.

30. Defendants' decision to terminate the Plaintiff's employment was motivated in whole, or in part, because the Defendant regarded the Plaintiff as disabled.

31. The reasons given by Defendants for Plaintiff's termination are untrue. Defendants' decision to terminate the Plaintiff was motivated in whole, or in part, because of her disability.

32. By this conduct, Defendants have discriminated against the Plaintiff in violation of the rights secured to her by the ADAAA, 42 U.S.C. §12101, *et seq.*

33. As a result of the Defendants' unlawful acts, the Plaintiff has suffered economic losses associated with lost wages and other benefits of employment.

34. As a result of the Defendants' unlawful acts, Plaintiff has suffered emotional distress, anxiety, pain and suffering, humiliation and mental anguish.

35. Defendants engaged in the above conduct with knowledge that it was unlawful to discriminate on the basis of disability and with malice or with reckless indifference to the Plaintiff's federally protected rights.

### COUNT TWO — Disability Discrimination (ADAAA)

36. Plaintiff hereby repeats, realleges and incorporates paragraphs 1-35 above.

37. Defendants' decision to terminate Plaintiff's employment was motivated in whole, or in part, because of her request for a reasonable accommodation

38. At the time Plaintiff made her request, there were available reasonable accommodations that would have permitted her to perform the essential functions of her job. In addition, it was not an undue burden for Defendants to place Plaintiff in other available positions at Defendants' facilities.

39. Defendants failed to engage in the interactive process with the Plaintiff regarding her request for a reasonable accommodation.

40. By this conduct, Defendants have discriminated against the Plaintiff in violation of the rights secured to her by the ADAAA, 42 U.S.C. §12101, *et seq*.

41. As a result of the Defendants' unlawful acts, Plaintiff has suffered economic losses associated with lost wages and other benefits of employment.

42. As a result of the Defendants' unlawful acts, Plaintiff has suffered emotional distress, anxiety, pain and suffering, humiliation and mental anguish.

43. Defendants engaged in the above conduct with knowledge that it was unlawful to discriminate on the basis of disability and with malice or with reckless indifference to Plaintiff's federally protected rights.

## COUNT THREE — Disability Discrimination (MD FEPA)

44. Plaintiff hereby repeats, realleges and incorporates paragraphs 1-43 above.

45. Plaintiff is an individual with a physical impairment who could have performed the essential functions of her job as an Instructor with or without a reasonable accommodation.

46. Defendants' decision to terminate the Plaintiff's employment was motivated in whole, or in part, because of her physical impairment.

47. By this conduct, Defendants have discriminated against the Plaintiff because of her physical impairment in violation of the rights secured to her by the Maryland Fair Employment Practices Act, MD State Govt. Code Sec. 20-601 *et seq.*

48. As a result of Defendants' unlawful acts, Plaintiff has suffered economic losses associated with lost wages and other benefits of employment.

49. As a result of Defendants' unlawful acts, the Plaintiff has suffered emotional distress, anxiety, pain and suffering, humiliation and mental anguish.

50. Defendants engaged in the above conduct with knowledge that it was unlawful to discriminate on the basis of disability and with malice or with reckless indifference to the Plaintiff's state law statutory protected rights.

## COUNT FOUR — Failure to Accommodate (MD-FEPA)

51. Plaintiff hereby repeats, realleges and incorporates paragraphs 1-50 above.

52. Defendants' decision to terminate Plaintiff's employment was motivated in whole, or in part, because of her request for a reasonable accommodation.

53. At the time Plaintiff made her request, there were available reasonable accommodations that would have permitted her to perform the essential functions of her

54. Defendants failed to engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation.

55. By this conduct, Defendants have discriminated against the Plaintiff in violation of the rights secured to her by Maryland Fair Employment Practices Act, MD State Govt. Code Sec. 20-601 *et seq.*

56. As a result of Defendants' unlawful acts, Plaintiff has suffered economic losses associated with lost wages and other benefits of employment.

57. As a result of the Defendants' unlawful acts, the Plaintiff has suffered emotional distress, anxiety, pain and suffering, humiliation and mental anguish.

58. Defendants engaged in the above conduct with knowledge that it was unlawful to discriminate on the basis of disability and with malice or with reckless indifference to the Plaintiff's state law statutory protected rights.

### COUNT FIVE — Negligent Infliction of Emotional Distress

59. Plaintiff hereby repeats, realleges and incorporates paragraphs 1-58 above.

60. Plaintiff always performed her duties well and was loyal to Defendants.

61. Plaintiff was injured on the job working for Defendants but continued to come to work after she was injured. She was at all time ready and willing to continue to work for Defendants despite her disability. Ten days after discussing with the Defendants her need for a reasonable accommodation because of her disability, Plaintiff was summarily fired by the Defendants.

62. Defendants knew or should have known that the acts and conduct described above involved an unreasonable risk of causing the Plaintiff emotional distress. Indeed, Plaintiff told Defendants that she needed her job to care for her three children.

63. As a result of the conduct of Defendants as described above, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to depression, anxiety, and sleeplessness for which she is being prescribed medication.

64. As a result of the Defendants' conduct as described above, the Plaintiff has suffered and continues to suffer damages in the form of lost wages, benefits and other attendant rights, privileges and conditions of employment, as well as consequent damages in the form of emotional distress, embarrassment, anxiety and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant in excess of $75,000,00 exclusive of costs, interest and attorney fees and all other remedies available by law or deemed appropriate by the Court.

Respectfully submitted,

*/s/ Lakeshia Scott*     Lakeshia Scott-Taylor pro-se

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

*/s/ Lakeshia Scott* / Lakeshia Scott-Taylor pro-se

Lakeshia Scott-Taylor
608 Carlton Crt
Cambridge Md, 21613
443 365 6161

10